```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
In the Matters of:
FLETCHER INTERNATIONAL, LTD.,        Case No. 12-12796-reg
            Debtor.
- - - - - - - - - - - - - - - - -x
FLETCHER INTERNATIONAL, LTD.,
                Plaintiff,
    -against-                        Adv. Proc. No. 14-02028-reg
PFEC LLC, d/b/a AFE CONSULTING,
                Defendant.
- - - - - - - - - - - - - - - - -x


            United States Bankruptcy Court
            One Bowling Green
            New York, New York

            August 7, 2014
            9:53 AM


B E F O R E:
HON. ROBERT E. GERBER
U.S. BANKRUPTCY JUDGE
```

1
2  Pre-Trial Conference
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20  Transcribed by:   David Rutt
21  eScribers, LLC
22  700 West 192nd Street, Suite #607
23  New York, NY 10040
24  (973)406-2250
25  operations@escribers.net

```
 1
 2  A P P E A R A N C E S:
 3  LUSKIN, STERN & EISLER LLP
 4      Attorneys for Plan Administrator, and Plaintiff Fletcher
 5       International, Ltd.
 6      11 Times Square
 7      New York, NY 10036
 8
 9  BY:   STEPHAN HORNUNG, ESQ.
10
11
12  REED SMITH LLP
13      Attorneys for Defendant PFEC LLC, d/b/a AFE Consulting
14      599 Lexington Avenue
15      22nd Floor
16      New York, NY 10022
17
18  BY:   CHRISTOPHER A. LYNCH, ESQ.
19
20
21
22
23
24
25
```

FLETCHER INTERNATIONAL, LTD. 4

P R O C E E D I N G S

THE COURT: Fletcher.

Folks, I don't know everybody, so may I get appearances, please?

MR. HORNUNG: Sure. Stephan Hornung for Luskin, Stern & Eisler, on behalf of the plan administrator and the plaintiff, Fletcher International.

THE COURT: Thank you, Mr. Hornung.

MR. LYNCH: Good morning, Your Honor. Christopher Lynch of Reed Smith, for Defendant PFEC LLC, doing business as AFE Consulting.

THE COURT: You're a little far from the mic. Was that Lynch?

MR. LYNCH: Yes, it is, Your Honor. It's Christopher Lynch.

THE COURT: Okay, and you're from Reed Smith?

MR. LYNCH: That is correct, Your Honor.

THE COURT: The New York office or the Pittsburgh office?

MR. LYNCH: New York, sir.

THE COURT: Okay. Gentleman, I'm drawing a blank on this adversary. I certainly have other Fletcher-related litigation on my mind, but not this.

Mr. Hornung, can you help me on this one, please?

MR. HORNUNG: Sure. Your Honor, this is our first

1    time on, on this adversary, so I'm not surprised that you

2    haven't spent much attention on this.  We just received the

3    defendant's answer earlier this week.

4            By way of background, it's a fairly straightforward

5    preference action.  The defendant served as an expert

6    consultant on litigation pre-petition; there were some bills

7    that were paid, from our view, quite late.  And at the same

8    time, the defendant also has some unpaid bills.  They filed a

9    proof of claim.  So the adversary proceeding is just the

10   preference action and also an objection to their claim, to the

11   extent that --

12           THE COURT:  502(d) --

13           MR. HORNUNG:  That's correct, Your Honor.

14           THE COURT:  Um-hum.

15           MR. HORNUNG:  So we have reviewed Your Honor's form

16   scheduling order and we discussed it out in the hallway.  What

17   we'd like to do, if it's all right with Your Honor, is submit

18   it when I return back to my office.  We've stylized it as a

19   stipulation, but we intended to use the ordinary deadlines that

20   are in Your Honor's form order.

21           THE COURT:  Um-hum.  Mr. Lynch, are you on the same

22   page on that?

23           MR. LYNCH:  Your Honor, yes.  Everything counsel

24   represented is correct.

25           THE COURT:  Okay.  Gentlemen, I got two pretty good

1  firms here.  What are the chances of settling this?
2         MR. HORNUNG:  I do think that settlement is a likely
3  possibility.  And we've discussed exchanging offers as quickly
4  as possible so that hopefully we can resolve this without the
5  need for going through full-blown discovery and further court
6  intervention.
7         THE COURT:  I'd like to get recommendations from you
8  and Mr. Lynch as to whether the discovery in whole or in part
9  should await your dialogue.  Sometimes in preference actions,
10 trading documents is helpful without taking depositions.  Do
11 you think that would make sense here?
12        MR. HORNUNG:  I do think that that would certainly be
13 warranted here.  I do think that the document discovery should
14 be fairly limited; if necessary, we could complete that fairly
15 quickly.  And then if depositions are necessary, we can revisit
16 that issue.
17        THE COURT:  Mr. Lynch, lift up the mic before you
18 Oprah-Winfrey-style.
19        What do you think of that idea?
20        MR. LYNCH:  Your Honor, I think that's fine.  Again, I
21 concur that there's very limited live testimony that'd be
22 necessary in a matter of this sort.  This is mostly on the
23 papers and the documents, and that could be done in short order
24 should we go that way.
25        THE COURT:  Okay.  Then here's what I'd like you guys

1 to do: I'd like you to go on parallel tracks, with document
2 production to precede everything. And then see if you can
3 settle it to your mutual satisfaction. And I'd also like you
4 to prepare up a real simple scheduling order to deal with your
5 pre-trial needs.
6     Am I correct that sixty days of actual discovery time
7 would be sufficient, or would you prefer ninety?
8     MR. HORNUNG: Your Honor, I think we discussed out in
9 the hallway that something longer than sixty might be
10 necessary, especially this being August and vacation schedules
11 and things like that.
12     THE COURT: All right, I'm not going to make anybody
13 lose their August vacation. Make the stip or consent order say
14 ninety-day discovery cutoff, extendable for cause but only for
15 cause.
16     MR. HORNUNG: Yes, Your Honor, we will.
17     THE COURT: Okay. Anything else, either side?
18     MR. LYNCH: No; thank you, Your Honor.
19     THE COURT: Okay, thank you, gentlemen.
20     MR. HORNUNG: Thank you.
21    (Whereupon these proceedings were concluded at 9:57 AM)
22
23
24
25

C E R T I F I C A T I O N

I, David Rutt, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

DAVID RUTT

AAERT Certified Electronic Transcriber CET**D 635

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date:  August 8, 2014